Good morning, Your Honor. Okay. I'm green. I want to make sure everybody's set. Thank you, Your Honor. John Jordan, Your Honors, representing the petitioner here, Mr. Johnson. Your Honors, I realize you get an enormous amount of appeals of these timeliness issues on these habeases, and equitable tolling and statutory tolling are often raised. But in this case, I think you have a pro se petitioner who does seem to be working pretty hard to be getting the information he needs to file his writs first in the state court and then in the federal court. You have an individual who, according to the record below, started pestering his trial counsel, his appellate state counsel, almost immediately after the Supreme Court in California denied his proficiency. Denied for review in 1997, right? That's correct, Your Honor. And the petition is filed in December 5th, 2002, right? That's correct, Your Honor. Okay. How long does he have to file from the denial by the statute? He has one year, absent any tolling, statutorily eligible. So that's barred under that rule, except unless you can show some affirmative grounds for relief. Absolutely, Your Honor. We are untimely, obviously, unless he has some grounds. And I think here he does have grounds. He does try right away to get his file. Did the district court make findings about those grounds from 98 to 2002? Not for every period, Your Honor, because, for example, in the record below, we don't know when the last state habeas court petition was denied. And there seemed to be some other gaps. Because the district court concentrated on the issue of whether that writ filed in May through July of 1998 qualified for statutory tolling. That's, I think, the key issue below and the key issue before, Your Honor, is because if that writ doesn't qualify, then the defendant is untimely. Okay. Now, is there anything, any record of that particular motion that is what it actually said is characterized? It's characterized, Your Honor. But there is. The writ is not in the record below. The defendant explains. You mean the petition or the writ? Did a writ issue? The 1998 motion writ, as the pro se petitioner called it. Okay. That's his petition. That's not the writ, though. The motion. It was a motion to contel. It was a motion. Motion filed in San Mateo Superior Court to get documents from the district attorney's office. That paperwork is not in the record below. It's described. The defendant, excuse me, the petitioner explains that his paperwork was seized and lost by the prison staff, I believe, in 2001. Well, here's my problem, okay? The district court says that the motion slash writ to turn over documents, which were necessary to develop Johnson's claims of prosecutorial misconduct and ineffective assistance of counsel, that's how the district court characterized the motion. That's right. Now, where did the district court get the information to say it was necessary to develop claims of prosecutorial misconduct and ineffective assistance of counsel? Is that a characterization of what the writ itself said or was, in other words, was there some degree of specificity in the motion to explain why he was attempting to get the documents or is the record quite devoid, as we like to say, devoid of any information on that? Of course, Your Honor. It wasn't there below. So I'm trying to analyze now what the district court was saying. I think the district court is pulling that description from the petitioner's paperwork before him where he describes in his response to the AG's motion to dismiss what he was doing, that he filed this, that first he asked the documents to be provided for him and paid his check, and then when they didn't come, he filed this motion that he was denied due process when the State gave him his plea back and he says vindictively prosecuted him because of his testimony that he filed. Well, you know, you're going, if that were in the record, that would make this case for me a lot cleaner or a lot clearer, not cleaner. But the question, at least one question before us, is whether this is a case that motion can count as an attack on the judgment of conviction. And at least in motion practice, motions to compel that I engaged in, in the civil context, such a motion had to allege some cause for why you wanted particular documents. And unless it was simply a motion to compel documents in the abstract, it seems to me it's relevant to know what the nature of the motion was. And so I guess my question to you is, do you know, is there any source by which one can get a copy of that actual motion or writ? Has anybody tried to get it? Your Honor, as I pointed out in my opening brief, it's not in the record and I think it should be. So one thing I did ask for an alternative is to remand to get this writ. But it should be on file in the San Mateo Superior Court. I haven't obtained it because I don't think I'm allowed to present it at this point since it's not in the district court record. But I can't tell you what's in that writ. I've never seen it. And you were appointed solely for purposes of appeal. Correct. I know the State alleges it's a burden to get that writ, but it seems to be just a motion writ that should be in the Superior Court file case in San Mateo County. If we had that writ, we could look at it right now and say, well, this qualifies or it doesn't qualify. It isn't a matter of you writing a letter on your letterhead to the court asking for a certified copy of a specific document, specific file? I'd be happy to provide it to the court, but it's not in the district court record. Well, yeah, but I understand. If you were going to rely on it, couldn't you have done this some time ago? I don't think so, Your Honor. I don't think it's proper for me to expand the record. Okay. So in essence, you don't care about it. I do, Your Honor, but I don't think I'm allowed to. Well, I don't think you're telling me. You could have pled it affirmatively if you wanted or supplemented the record if you wanted on appeal. Well, then, Your Honor. And I do this all the time. Then I misunderstood. Haven't you ever seen a supplemental extract of the record? To expand the record? But it wasn't before the district court, Judge. Oh. In other words, he blew it when he brought his action down below. Well, I think the defendant, Petitioner, informed the district court that his copy was seized by the State prison, so his copy was lost. Assuming without deciding that we might be willing to remand to the district court to take a look at this thing, what does it need to say in order for your client to be able to count it for purposes of the statute of limitations tolling? I think it must be directly connected to the later filed writ in the superior court. And is it enough if it says, this is a motion to compel information to enable me to file a habeas petition, is that enough to qualify as an application under AEDPA that would allow tolling? I think so if it's directly connected to the claim raised in the State habeas court petition. I would prefer that it has also a sanction that if this writ isn't granted, that the case be dismissed, since it would be, I think, more of a direct collateral attack. But I think if it's a motion writ, I really don't know what to call it, but if it's a ‑‑ He calls it a motion writ, but I'm not sure. If it's a motion writ directly connected to the claims raised, then I think it would qualify. And how much obligation, if any, did he have in the district court to bring it forward? And how much power do we have to say to the district court, well, go back and give him another chance to find out what it is or go back and have the State do it? Obviously, he's got problems doing this stuff from prison. The State says it's easy to get. Well, maybe easy for the State to get. I'm not sure how easy it is for him to get. How much power do we have to tell the district court, you know, go back and do over and find out what this says? Well, Your Honor, with a pro se defendant who explains to the court that he had it and it was taken by the prison officials and never returned to him, I think he's met his burden of showing why he can't provide it. If he had an attorney representing him below, then I think it would be the attorney's responsibility to get it since it's much easier. But for a pro se defendant who's incarcerated, I think it is a burden to get it, whereas a lawyer for either side could, of course, just go to San Mateo County and photocopy. Okay. All right. I'll submit it on that, Your Honor. Okay. And we'll give you some time to respond. Okay. Thank you. May it please the Court. Peggy Ruffray, Deputy Attorney General for Respondent. First, I'd like to address Judge Fisher's point where the district court indicated in describing what this petition was as a petition requesting documents that were necessary to bring his claims. And that clearly was based on the defendant's description of what this document was. I think if you look at ER-61, that's his letter to the district attorney requesting those documents, and there's language to that effect in that letter. Also, here's how the defendant himself describes this document. He says, Respondent states that petitioner's first filing was on 7-30-99. You're reading from something. What page are you on? Now I'm reading from the excerpts of record, page 100. This is the petitioner's, he calls it, objections to objections. So you're in the first full paragraph on that page? Yes. Okay. He says the first filing was between May and July of 1998. That motion flash writ requested the Court to intervene and order the Santeo District Attorney's Office to turn over documents which petitioner had purchased from them under the Freedom of Information Act of California. So that's the petitioner himself describing what this motion is. But it doesn't describe the contents. It describes the nature of the motion. So let's suppose. Well, in fact, would you read to the end of that sentence? He stopped at the comma. He indicated the Court denied it. The Court denied the motion despite the fact that petitioner advised the Court that the district attorney's actions were preventing him from developing his post-conviction issues. There you go. All right. So let's assume, therefore, that what he put in his motion was an explanation of why he needed the documents. That is, because he wanted to raise particular claims relating to ineffective prosecutorial misconduct and ineffective assistance of counsel. Why should that not be considered an attack on the judgment? It's not a general fishing expedition. No. But under the statute at issue here, which allows for tolling of an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim. That's 2244D2. And that's the particular statute that we're looking at. And if that's what it was, he was saying, I need these documents. I need you to compel the district attorney's office to turn over the documents so that I can develop my claim. Right. He's not seeking review with respect to the pertinent judgment or claim. He comes in. So he comes in and pleads without the necessary documentation. And you all move to dismiss for a failure to state a claim. And he's nailed because he doesn't have adequate substantiation. And then he gets postcard denials. And your argument is, you know, he failed to support his claim. He's not required to provide any documentation like that supporting his claim. He's required to present facts supporting his claim, which he, in fact, did in this case. As it turns out, he didn't need these documents, which, if you look closely in the excerpts of record at page ER 101 and 102, what he was looking for was a police report by a Detective Cody, which he apparently knew what it contained. So he already knew the facts alleged in the police report. He didn't have a copy of it, but he didn't need it to proceed. So he took all of this time seeking the discovery of the documents, but I don't think you can consider that kind of a motion, review with respect to the pertinent judgment or claim. And that's exactly what the court found in. You said something that went by me pretty fast. You're telling me that if I read in the succeeding pages past ER 100, I can tell more what it is he thinks he's going to find if the State would simply cooperate and provide this information? Well, I think so. You have to read it carefully. But in page 101, ER 101. Where are you? He says that what he's looking for is a document by Detective Cody. And that's what he's saying. Read me the language. Well, it's somewhat lengthy. Starting at the first full paragraph, on July 30th, 1999, after exercising due diligence to retrieve the documents from the district attorney's office, Petitioner proceeded without them and files his writ in the State court. Respondent states that Petitioner gives no indication as to what the documents were or if they were important. And then he goes on to describe the specific document. Sergeant Mark Dowdy told Cody that he had made comments to Petitioner which were out of the ordinary for sheriff personnel to be making to a witness. Bill Cody wrote a report at the conclusion of his investigation that was never turned over to Petitioner's attorney. So it looks to me like he is saying that this is the document that I have been seeking all along. But he apparently knows what's in it. And it certainly wouldn't be the kind of document that would prevent him from bringing the factual basis of his claim. I read that same page. And I tried to figure out if that really is what he's seeking here. And I couldn't tell. Maybe it is and maybe it isn't. Well, he does appear to be responding to our argument that he hadn't come forward and said what it was. So you're right. It's a little unclear. But it certainly could be that that's the document he's seeking. But my basic point is if that's what this motion in superior court was for, seeking that document or seeking the superior court to compel the district attorney's office to turn that over, that simply is not the kind of petition for review with respect to the pertinent judgment or claim that the statute contemplates as tolling the statute of limitations. Remember, the purpose of that is to exhaust your claims. Well, he never brought a claim that his constitutional rights were violated because this information was not turned over. He was able to bring his claims anyway, even without that document. Well, the purpose is to exhaust claims. But the purpose of exhaustion is to allow the State to address the claims that he has that the State may then consider and obviate the necessity of federal collateral attack. If he is on the road, clearly on the road to challenging the judgment based on particular theories, the State is fully aware of what he intends to do, why he wants to do it. So why is it so obvious that this isn't the kind of motion, if there is that kind of specificity, tied to his later claims, that shouldn't toll the statute? Because a document that's simply on the ground. What's the purpose? Well, it's to provide that support later on, which, again, he didn't need. What's the purpose to say, well, that doesn't count? What are we at? What is being achieved under AEDPA to say that doesn't count? What is the State? How is the State being prejudiced under the theory of AEDPA, under the exhaustion theory? He's not complying with 2244d2. That's a technical response. What I want to understand, you've invoked the statute and said, what's the purpose? You've said it's to make him exhaust. So if the prisoner is diligently trying to get the information to make a specific claim that the State is aware of, what is achieved by saying, well, this kind of motion doesn't count? Well, that petition itself clearly did not exhaust any claims because it didn't raise a constitutional claim. It was simply asking for the court to order the DA to turn over the documents. There's no constitutional violation or claim involved in that at all. So it certainly didn't exhaust any claims. Prosecutorial misconduct and ineffective assistance of counsel don't raise constitutional claims. He wasn't raising those claims, though. How do you know? He was saying, I'd like to – well, from his own description that I read to you before, assuming that that is in fact what he – In fact what he – yeah. Right. I'd also like to clear up one point. The reason – Let me ask you this, then. If he had said in his writ, I need these documents so I can adequately plead and prove a claim that the prosecution engaged in misconduct and my attorney gave me ineffective assistance of counsel, would then you be okay with that? I don't think so. Again, I don't think that is a petition for review with respect to a particular pertinent judgment or claim. Let me go the other way with that question. Judge Fischer's question was, let's say he wants those documents to plead what clearly is a cognizable claim under federal habeas and you say that's not good enough. Let me ask you the other way around. What about a petition, not a request for documents, but a petition that raises a pretty lousy ground which is dismissed quickly? Does that count as a tolling petition? Yes. So why does it matter that he's, for purposes of Judge Fischer's question, whether or not he's seeking information that will lead to a good claim or a bad claim? You say good claim, bad claim, you're indifferent. They all lose because all he's doing is seeking information. But because a petition containing a bad claim tolls, why should it matter if he's seeking for purposes of Judge Fischer's question, why should it matter whether he's seeking information because either a good or a bad claim will toll. Because all he's doing is seeking information. He's not bringing a claim. And that's what you need in order to toll. But in your view, the question is not whether it's a good or a bad claim. Not at all. The difference is he's not bringing a claim. That's right. That's right. And only a request for relief. The statute, again, says a petition for review with respect to the pertinent judgment or claim. A request for documents is not that. And so it can't toll. And several courts have held that. What do you do with the fact that this is a pro se petitioner? Do we cut some slack in the habeas context? Well, it doesn't. The answer is yes, but the question is how much, right? I think the answer is we might cut him some slack, but I don't think that gets him anywhere with this particular trial. Doesn't his trial attorney have an ethical obligation to furnish documents upon request to a client that's discharged? I'm sorry. Didn't his trial attorney set the question? Yes. Well, apparently the trial attorney did turn over his documents very early in the statutory period. That's another thing that's a little unclear. You have to extrapolate, and I think the district court came up with this figure of April. So at some point in time, at least, he had the documents from which he could specifically plead ineffective assistance for whatever other cause he may have in support of his petition for a writ of habeas corpus, right? He had those at the very latest, just two months into the statutory period, giving him ten months to file a timely petition. When did he allegedly ñ when were they allegedly taken away from him? I don't think those documents were ever taken away from him. What was taken away from him was this petition that we're talking about that he describes as a request for discovery of documents. Wasn't that part of the original file? No, that was a document that he generated. That wasn't part of his trial counsel's file. And a court file that one could get a certified copy of? Could you get a copy of it today? I didn't ñ could I get a copy of it? Yeah. I could. If you really wanted it, could you get it? If it exists. I mean, we don't really know that it does exist, but assuming that it does, we probably could. Sometimes there is some difficulty with getting older Superior Court files, but we probably could. And one point that I wanted to make is the reason that we didn't obtain this and get it before in the district court is because the defendant was not even arguing that this document qualified for statutory tolling. He was arguing that the document was for equitable tolling only. Were you more interested in tolling or were you interested in any document that may support a legitimate claim for the writ? We sought out and obtained his state court Superior Court habeas petitions. We requested those and we obtained his habeas petitions, which actually presented his claims. We did not and do not seek out any other civil filings that a defendant may raise along the way because it's our petition that those don't toll. In other words, they've waived. I'm sorry? If it isn't in the petition, it's waived? Oh, no, no. I'm not saying that. I'm saying that we don't go out of our way and on our own seek out those kinds of filings that don't raise a claim because they don't toll, in our opinion, under D-2. And he was only arguing that this document was grounds for equitable tolling. He wasn't even saying that it was grounds for statutory tolling and he didn't even mention the date. He doesn't know the exact date it was filed. This is his pro se? Yes. He didn't even mention the dispute we're having at the appellate court and he didn't raise that issue? No, he certainly raised it, but he didn't tell us that it had anything to do with the timing until his third filing, which was called objections to objections, after we had already filed our motion and our reply. That was the first time that he gave any indication whatsoever that this might have something to do with the timing of the petitions. He had mentioned it before, but he didn't say when it was filed, and he was just saying this is grounds for equitable tolling. I filed this other document. So at that point, we didn't file yet a third response again, and it was the district court that saw that information and thought that it was possible that it could be a statutory tolling ground and, out of an abundance of caution, found that it didn't toll for the same reasons that we're arguing here, that it doesn't qualify under D-2 because it doesn't raise an actual claim. It's just an ancillary request for documents. Okay. Thank you. Thank you very much. Would you like a minute in rebuttal? Well, Your Honor, if you have any questions, I'm happy to answer it. The single point I wanted to make is the AG, of course, is right. Eventually, the petitioner did file a State petition, but it was denied. And I think he was making a good-faith effort to try to file it. Dismissed, wasn't it?  Yeah.  Not denied. And I don't think that the petitioner should be penalized for trying to file a strong rip-a-low and trying to win in the first instance in the State court. Okay. Thank you. Thank you, both sides, for a helpful argument. The case of Johnson v. Knowles is now submitted for argument. That concludes our oral argument calendar for the morning. We will reconvene tomorrow morning. Judge Beasley reminds me that the we does not include him. He will be back with us on Wednesday. Thank you.
judges: Beezer, W. Fletcher, Fisher